588 P.2d 849

The STATE of Arizona, Appellee,
Cross Appellant,

v.

Glorianna PARRA, Appellant,
Cross Appellee.

No. 2 CA–CR 1433.

Court of Appeals of Arizona,
Division 2.

Oct. 17, 1978.

Rehearing Denied Dec. 5, 1978.

Review Denied Jan. 3, 1979.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for cross appellant.

Stephen M. Weiss, Tucson, for appellant and cross appellee.

## OPINION

RICHMOND, Chief Judge.

Appellant was found guilty of aggravated battery as a result of second and third

degree burns sustained by her four-year-old daughter. She presents three questions, all directed to the admission of evidence that her two-year-old son had suffered similar injuries. We find no error.

■ First, appellant argues that evidence of the boy's burns was irrelevant because she was not present when he was injured. The evidence tended to establish appellant's knowledge of the possible consequences of disciplining her daughter by placing her in scalding bath water. The boy had been scalded two days earlier and appellant had helped to treat his wounds.

■ Second, two photographic slides used to illustrate the testimony of the physician who treated both children showed not only burns but whip marks on the boy's back. A reference to "other injuries" by the witness was stricken and the jury was properly admonished to disregard it. Inasmuch as the evidence clearly established that appellant was not present when the boy was burned, the possibility of prejudice to her was minimal.

■ Finally, she contends the same two photographs were gruesome and inflammatory. Discretion to admit or exclude allegedly gruesome photographs is vested in the trial court. *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976). The probative value of the two photographs was established, as discussed above. They were no more gruesome than pictures of the victim's injuries, which also were used to illustrate the doctor's testimony, and the trial court did not abuse its discretion in admitting them.

In view of our disposition of the appeal, we need not consider the state's cross appeal from the trial court's order denying an interview of appellant after she had taken the stand but before she testified.

Affirmed.

HATHAWAY, J., and THOMAS MEEHAN, Superior Court Judge, concurring.

NOTE: THOMAS MEEHAN was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.